IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,      )
                                   )
                Plaintiff,    )
                                   )  Case No. 12-20015-01-CM
v.                                 )
                                 )
CONNIE EDWARDS,         )
                                 )
               Defendant.    )
_____)

## MEMORANDUM AND ORDER

This matter is before the court on defendant Connie Edwards's Motion to Obtain Relief of a Newly Recognized Right of Alleyne by the United States Supreme Court (Doc. 373).[1]  Defendant in this case was charged in a Third Superseding Indictment with one count of conspiracy to distribute and possess with intent to distribute oxycododne, hydrocodone, methadone, morphine, and methamphetamine, with death and serious bodily injury resulting; one count of distributing hydrocodone, methadone, and carisoprodol with death and serious bodily injury resulting; two counts of distribution of oxycodone; three counts of maintaining a drug-involved premises; one count of possession with intent to distribute oxycodone; conspiracy to commit money laundering; one count of possession of a firearm in furtherance of drug trafficking; and conspiracy to intimidate a federal witness.  (Doc. 159.)

On November 21, 2012, defendant submitted a petition to enter a guilty plea, (Doc. 206), entered into a plea agreement, (Doc. 207), and pleaded guilty in open court to Count I of the Third Superseding Indictment, (Doc. 410-2).  The defendant's plea was entered pursuant to a Rule

---

[1] The court is mindful of defendant's pro se status and liberally construes her pleadings.  *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) ("Finally, because Pinson appears pro se, we must construe his arguments liberally; this rule of liberal construction stops, however, at the point at which we begin to serve as his advocate.").

11(c)(1)(C) agreement.  On March 4, 2013, the court accepted the plea agreement and sentenced

defendant to 300 months' imprisonment, a five-year term of supervised release, no fine, a $632,930

forfeiture judgment, and a $100 special assessment fee.  Defendant did not file a direct appeal.

## I.    *Alleyne* and *Burrage*

The basis of defendant's motion, including her ineffective assistance claims, is premised on her

contention that she is entitled to relief under *Alleyne v. United* States, 133 S. Ct. 2151 (2013) and

*Burrage v. United States*, 134 S. Ct. 881 (2014).  In *Alleyne*, the Supreme Court ruled that under the

Sixth Amendment, any fact increasing mandatory minimum sentence is an element of the offense that

must be submitted to jury.  *Id.* at 2155.  However, *Alleyne* does not afford defendant any relief because

*Alleyne* has not been made retroactive to cases on collateral review.  *United States v. Miller*, 561 F.

App'x 701, 703 (10th Cir. 2014) (citing *In re Payne*, 733 F.3d 1027, 1029 (10th Cir. 2013)); *United*

*States v. Castillo*, No. 07-20100-04-JWL, 2013 WL 5954386, at *2 (D. Kan. Nov. 7, 2013) ("Even

assuming the court found facts concerning the quantity of drugs attributable to Mr. Castillo, which it

did not, *Alleyne* does not apply retroactively to cases on collateral review.").

Also unpersuasive is defendant's argument that she is entitled to relief under *Burrage.*  In

*Burrage*, the Supreme Court held that a defendant cannot be liable for the death-results enhancement

provision unless the use of the drug supplied was a but-for cause of the death.  134 S. Ct. at 892.

Defendant argues that she was not the but-for cause of the death of William Thomas Powell, an

individual who overdosed on drugs sold to him by defendant during the conspiracy.  Defendant claims

that *Burrage* announced an intervening change in the law that renders her actually innocent of the

death or serious bodily injury enhancement .  However, several courts already have found that *Burrage*

did not announce a new rule of constitutional law and that, even if it had, the Supreme Court did not

make *Burrage* retroactively applicable.  *Stewart v. United States*, No. 15-CV-73-JPS, 2015 WL

477226, at *2 (E.D. Wis. Feb. 5, 2015) (citing *In re: Carlos Alvarez*, No. 14–10661–D at 3 (11th Cir.

Mar. 6, 2014) (petitioner not allowed to file second or successive § 2255 motion because the Supreme

Court "did not expressly hold that *Burrage* is retroactive on collateral review."); *United States v.

Bourlier*, No. 3:14cv609, 2014 WL 6750674, at *2 (N.D. Fla. December 1, 2014); *Alvarez v. Hastings*,

No. CV214-070, 2014 WL 4385703, at *1 (S.D. Ga. Sep. 5, 2014); *De La Cruz v. Quintana*, No. 14-

28-KKC, 2014 WL 1883707, at *6 (E.D. Ky. May 1, 2014); *Taylor v. Cross*, No. 14-CV-304, 2014

WL 1256371 at, *3 (S.D. Ill. Mar.  26, 2014); *Powell v. United States*, No. 3:09-CV-2141, 2014 WL

5092762, at *2 (D. Conn. Oct. 10, 2014)); *see also Minaya v. United States*, 41 F. Supp. 3d 343, 345

(S.D.N.Y. 2014).  The court finds *Burrage* is inapplicable to defendant's case.

Further, even if *Burrage* were applicable, *Burrage* affords no relief because defendant claims

that she is actually innocent—not of the underlying conspiracy offense—but of the resulting death or

serious bodily injury enhancement.  In other words, defendant claims she was not the but-for cause of

the death of Mr. Powell.  However, defendant's claim of actual innocence in these circumstances is

unpersuasive.  *See Darby v. United States*, 508 F. App'x 69, 71 (2d Cir. 2013) (noting that a claim of

actual innocence does not apply where defendant merely makes a legal argument that she is innocent

of a sentence enhancement); *Bousley v. United States*, 523 U.S. 614, 623–24 (1998) (holding that a

claim of actual innocence means factual innocence, not legal innocence).  Defendant's claim of

innocence is not based on any new evidence showing she did not commit the crime to which she pled

guilty, nor does defendant offer facts showing that death or serious bodily injury was not a foreseeable

result of her heavy drug-trafficking activity.  Neither *Alleyne* nor *Burrage* entitles defendant to relief

from her sentence.

## II.      Waiver of Collateral Attack

The government argues that defendant has presented her claims under the pretense of ineffective assistance of counsel, but that defendant is really attacking the sentence she received. The court agrees and, for the reasons stated below, finds that defendant has waived any right to attack her sentence.

In this case, defendant signed a plea agreement that contains a waiver of appeal and collateral attack of her sentence. (Doc. 207 at 12, ¶ 9.) In general, a court will hold a defendant to the terms of a lawful plea agreement. *United States v. Arevalo-Jimenez*, 372 F.3d 1204, 1207 (10th Cir. 2004); *United States v. Atterberry*, 144 F.3d 1299, 1300 (10th Cir. 1998). A knowing and voluntary waiver of 28 U.S.C. § 2255 rights is enforceable. *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001). The court applies a three-pronged analysis to evaluate the enforceability of such a waiver, determining: (1) whether the scope of the waiver covers the disputed issue; (2) whether the defendant knowingly and voluntarily waived his rights; and (3) whether enforcement of the waiver would result in a miscarriage of justice. *See United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004).

### A.  Scope of Waiver

In determining whether a disputed issue is within the scope of the waiver, courts look to the plain language of the plea agreement. *United States v. Anderson*, 374 F.3d 955, 957–58 (10th Cir. 2004). The court strictly construes the waiver and resolves any ambiguities against the government. *Hahn*, 359 F.3d at 1343. Defendant's plea agreement at paragraph nine states:

> The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, the defendant's conviction, or the components of the sentence to be imposed herein including the length and conditions of supervised release. The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court. The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral

-4-

attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by United States v. Cockerham, 237 F.3d 1179, 1187 (10th Cir. 2001)], a motion brought under Title 18, U.S.C. § 3582(c)(2) and a motion brought under Fed. Rule of Civ. Pro 60(b).  In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court.

(Doc. 207 at 12, ¶ 9.)

The court construes the plea agreement "according to contract principles and what the defendant reasonably understood when he entered his plea." *Arevalo-Jimenez*, 372 F.3d at 1206 (internal quotation and citations omitted).  As set forth in the plea agreement, defendant waived her right to appeal any sentence within the guideline range or to otherwise challenge her sentence in any collateral proceeding, including a motion brought under 28 U.S.C. § 2255.  Defendant cannot overcome a reading of the plain language of the plea agreement, even using a narrow construction of the scope of the waiver.  *See Hahn*, 359 F.3d at 1325.  Defendant's claims fall within the scope of the waiver.

### B.  Knowing and Voluntary

In determining whether a defendant's waiver was knowing and voluntary, courts look to the specific language of the plea agreement and the court's Rule 11 plea colloquy with the defendant.  *See id.*  Defendant's plea agreement expressly states that defendant had sufficient time to discuss the agreement with counsel, she freely and voluntarily entered into the agreement, and the agreement was not the result of any threats, duress, or coercion.  (Doc. 207 at 15.)  Moreover, paragraph 2 expressly states:  "Defendant freely, voluntarily, knowingly and intelligently waives any right to collaterally attack any matter in connection with this prosecution and sentence . . . ."  (*Id.* at 2.)

During defendant's Rule 11 colloquy, Magistrate Judge James P. O'Hara asked defendant a series of questions regarding her understanding of the consequences of the plea, (Doc. 410-2 at 5–32),

and permitted defendant to make a handwritten revision to the factual basis for the guilty plea, (Doc. 207 ¶ 3).  Judge O'Hara specifically addressed defendant's waiver of appeal and collateral attack. (Doc. 410-2 at 19–20.)  Unfortunately, many of defendant's responses to Judge O'Hara's questions are inaudible, likely due to a technical issue with the courtroom microphone.  However, none of Judge O'Hara's follow up questions and remarks indicated that defendant answered negatively when he asked if her plea was knowing and voluntary.  Moreover, after questioning defendant about the voluntariness of the plea, and right before defendant entered her guilty plea, Judge O'Hara stated, "Miss Edwards, you've satisfactorily answered my questions up to this point."  (*Id.* at 32.)  This strongly suggests that defendant affirmatively answered Judge O'Hara's questions about her plea being knowing and voluntary.  The court finds that defendant knowingly and voluntarily entered her plea, and nothing in the record suggests otherwise.

### C.  Miscarriage of Justice

Enforcing a waiver of rights results in a miscarriage of justice if: (1) the court considered an impermissible factor such as race; (2) the defendant received ineffective assistance of counsel in connection with the negotiation of the waiver; (3) the sentence exceeds the statutory maximum; or (4) the sentence is otherwise unlawful, and is the result of error that seriously threatens the fairness, integrity, or public reputation of judicial proceedings.  *Hahn*, 359 F.3d at 1327.  Defendant bears the burden of demonstrating that a waiver results in a miscarriage of justice.  *Anderson*, 374 F.3d at 959 (citation omitted).

Here, the court did not consider any impermissible factors in determining defendant's sentence, the sentence is within the statutory range (and well below the statutory maximum), and even if the court imposed an unlawful sentence, such was not the result of error that seriously affects the fairness, integrity, or public reputation of judicial proceedings.  Moreover, with respect to negotiating the

waiver, defendant makes no allegation that she was denied effective assistance related to the waiver itself.  Accordingly, the court finds no reason why enforcement of the waiver would result in a miscarriage of justice.  The court holds that defendant waived any right to collaterally attack her sentence, rendering dismissal of defendant's motion appropriate.

      **III.**    **Ineffective Assistance of Counsel**

Even though the court has determined that *Alleyne* and *Burrage* are inapplicable, and that defendant has waived any right to collaterally attack her sentence, the court will nonetheless examine defendant's claims of ineffective assistance of counsel.  (Doc. 29 at 4.)  Defendant alleges that her attorney provided ineffective assistance by failing to familiarize himself with the case review discovery; failing to cross-examine witnesses; failing to "file suppression of evidence motions due to the unlawful retreat of certain evidence and warrantless searches"; failing to question character witnesses and the ulterior motive of their eagerness to testify against defendant; and failing to "prepare for sentencing phase to assure 'Edwards' would be getting the best possible sentence, plea agreement, arguing any variances, mitigating factors, and/or preparing for a trial since this was always 'Edwards'[sic] desire." (Doc. 373-1 at 1.)

      **1.**   **Legal Standards**

The court applies the standard identified in *Strickland v. Washington*, 466 U.S. 668 (1984), when determining whether a habeas petitioner's counsel provided ineffective assistance.  *See Romano v. Gibson*, 278 F.3d 1145, 1151 (10th Cir. 2002) (applying *Strickland*).  Under *Strickland*, a petitioner bears the burden of satisfying a two-pronged test in order to prevail.  First, he must show that his attorney's "performance was deficient" and "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687–88.  The court affords considerable deference to an attorney's strategic

decisions and "recognize[s] that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690.

Second, a habeas petitioner must demonstrate prejudice, which requires a showing that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* But, despite the existence of two prongs, "there is no reason for a court deciding an ineffective assistance claim to . . . address both components of the inquiry if the [petitioner] makes an insufficient showing on one. . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." *Id.* at 697.

### 2. Analysis

The court has reviewed defendant's allegations of ineffective assistance of counsel, which are essentially conclusory statements that lack specificity. For example, defendant fails to identify with what discovery her attorney failed to become familiar, how his preparation for sentencing was deficient, what evidence should have been suppressed, or what warrantless search(es) occurred that may have resulted in the suppression of evidence.

Defendant does appear to argue that a confidential informant provided statements during the investigation that may have constituted hearsay if the case went to trial, and that her attorney should have argued that those "questionable" statements did not show that defendant was a but-for cause of the death of William Thomas Powell, the individual who overdosed on the drugs he purchased from defendant. However, defendant's arguments rely on and are intertwined with *Burrage* —the case that espoused the rule that a defendant's conduct must be the but-for cause of death. *Burrage* was decided in 2014, after defendant pleaded and was sentenced. Defendant also cites to *Alleyne* in claiming

ineffective assistance of counsel, but *Alleyne* also was decided after defendant pleaded guilty and was sentenced.  And as set forth above, neither *Alleyne* nor *Burrage* applies retroactively.

The Sixth Amendment's right to effective assistance of counsel does not require counsel to predict future changes in the law.  *See United States v. Taylor*, 415 F. App'x 96, 99 (10th Cir. 2011) (citing *United States v. Harms*, 371 F.3d 1208, 1212 (10th Cir. 2004) ("The Sixth Amendment does not require counsel for a criminal defendant to be clairvoyant."); *Brown v. United States*, 311 F.3d 875, 878 (8th Cir. 2002) ("[C]ounsel's decision not to raise an issue unsupported by then-existing precedent [does] not constitute ineffective assistance.")).  As such, defendant cannot demonstrate that her counsel's performance was deficient because he failed to make arguments based on cases that had not yet been decided.

Finally, even if defendant established that her counsel was somehow ineffective, the court finds defendant has failed to establish prejudice.  The factual basis contained in defendant's plea agreement set forth that on May 9, 2009, defendant and co-conspirator Tamara Ledom sold William Thomas Powel a crushed up powder that was purported to be methamphetamine but was really hydrocodone, methadone, and carisoprodol.  (Doc. 207 at 3.).  Powell also bought prescription pills from defendant later that day.  (*Id.*)  That evening, Powell ingested the pills and intravenously injected the crushed up powder that he believed to be methamphetamine.  (*Id.*)  On May 10, 2009, Powell was found unconscious in the living room of his mother's residence and taken to the hospital, where he was pronounced dead.  (*Id.*)  An autopsy revealed that Powell died as a result of polydrug toxicity: "Toxicology confirmed the substances which were the cause of Powell's death were methadone, hydrocodone and carisoprodol."  (*Id.*)  Plaintiff admitted that the government could present these facts at trial.  (*Id.* at 2.)  Moreover, the Presentence Investigation Report included these same facts,[2] to

---

[2] Defendant's Presentence Investigation Report also included the following statement: "The last text message to [defendant's co-conspirator] from Powell before his death stated, "What did you give me?"  (Doc. 253 at 6–7.)

which defendant raised no objection.  (Doc. 253 at 6–7.)  The court finds that defendant's counsel was not ineffective and that, even if he were, defendant cannot establish that she would have gone to trial but for her counsel's purported deficiencies.

For all of the reasons above, the court denies defendant's motion.

## IV.     Certificate of Appealability

The court will issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Under this standard, a defendant must show that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks and citation omitted).  The court is not convinced that its conclusions are debatable among reasonable jurists or that the issues presented merit further proceedings.  For the reasons stated above, the court finds that defendant has not made a substantial showing of the denial of a constitutional right.  The court declines to issue a certificate of appealability in accordance with Rule 11 as amended December 1, 2009.

**IT IS THEREFORE ORDERED** that defendant's Motion to Obtain Relief of a Newly Recognized Right of Alleyne by the United States Supreme Court (Doc. 373) is denied.

Dated this 17th day of June, 2015, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**