**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 12-20015-01-CM (Criminal) |
| CONNIE EDWARDS, ) | 16-2677-CM (Civil) |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM AND ORDER

This case is before the court on defendant Connie Edwards's pro se motion to vacate sentence pursuant to 28 U.S.C. § 2255 (Doc. 424.) Defendant claims that the sentence enhancement based on a crime of violence, as defined by the residual clause under U.S.S.G. § 4B1.2, is unconstitutional in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). For the reasons set forth below, this court dismisses defendant's motion.

**I.  Background**

On November 21, 2012, defendant pleaded guilty pursuant to Fed. R. Crim. P. 11(c)(1)(C). On March 4, 2013, the court accepted the plea agreement and sentenced defendant to 300 months imprisonment. Judgment was entered on March 7, 2013, and defendant did not file a direct appeal.

**II.  Discussion**

Defendant filed her § 2255 motion on October 3, 2016. The government argues that defendant's § 2255 motion is untimely, and the court agrees. Defendant seeks collateral review well past one year after her conviction became final. *See* 28 U.S.C. § 2255(f).

This is also defendant's second postconviction motion challenging her sentence. Under 28 U.S.C. § 2255, federal prisoners seeking to file a second or successive motion must first obtain

-1-

authorization from the court of appeals before the district court can consider the motion. *In re Cline*, 531 F.3d 1249, 1250 (10th Cir. 2008). To obtain authorization, the defendant must demonstrate that the motion is based on a new constitutional rule or on newly discovered evidence. *United States v. Lara-Jiminez*, 377 F. App'x 820, 822 (10th Cir. 2010); 28 U.S.C. § 2255(h). When a second unauthorized § 2255 motion is filed, the court has discretion to determine whether to transfer the action to the circuit court or dismiss the action without prejudice. *See In re Cline*, 531 F.3d at 1251; *see also* 28 U.S.C. § 1631.

The Tenth Circuit has provided guidance on determining when a transfer would be in the interest of justice. *In re Cline*, 531 F.3d at 1251. "A transfer is not in the interest of justice when the claims raised in the successive petition clearly do not meet the requirements set forth in 28 U.S.C. § 2255(h)." *Lara-Jiminez*, 377 F. App'x at 822 (citing *In re Cline*, 531 F.3d at 1252). Section 2255(h) identifies two situations in which a second or successive motion is certifiable: (1) certain newly discovered evidence exists; or (2) certain new rules of constitutional law have been announced.

The court finds that it is without jurisdiction to consider defendant's second § 2255 motion. *See* 28 U.S.C. § 2255(h) (federal courts do not have jurisdiction to consider successive § 2255 motions unless they are certified "by a panel of the appropriate court of appeals[]"). The court further finds that a transfer is not warranted because the two aforementioned situations are not present. Recently, the Supreme Court held in *Beckles v. United States*, 137 S. Ct. 886, 890 (2017), that the residual clause under U.S.S.G. § 4B1. 2(a)(2)—"defining a 'crime of violence' as an offense that 'involves conduct that presents a serious potential risk of physical injury to another[]'"—was not unconstitutional. *Id.* (holding that the advisory sentencing guidelines are not subject to vagueness challenges under the due process clause). *Beckles* abrogated the Tenth Circuit's decision in *United States v. Madrid*, 805 F.3d 1204, 1210 (10th Cir. 2015). *Beckles*, 137 S. Ct. at 886.

The court therefore finds that it is not in the interest of justice to transfer this claim to the Tenth Circuit. The court dismisses defendant's motion without prejudice.

Because defendant is not entitled to relief, the court denies her request for appointment of counsel.

A certificate of appealability is not warranted in this case because reasonable jurists could not debate whether "the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal citation omitted).

**IT IS THEREFORE ORDERED** that defendant Connie Edwards's pro se motion to vacate sentence pursuant to 28 U.S.C. § 2255 (Doc. 424) is dismissed.

**IT IS FURTHER ORDERED** that defendant's request for appointment of counsel is denied.

**IT IS FURTHER ORDERED** that the court will not issue a certificate of appealability in this case.

Dated this 14th day of April, 2017, at Kansas City, Kansas.

    s/ Carlos Murguia
    **CARLOS MURGUIA**
    **United States District Judge**