**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CONNIE EDWARDS, ) <br> ) <br> Defendant. ) <br> ) | Case Nos. 12-20015-01-CM (Criminal) <br> 19-2128-CM (Civil) |

## MEMORANDUM AND ORDER

This closed criminal case is before the court on defendant Connie Edwards's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 461). This is defendant's third § 2255 motion. A second or successive § 2255 motion requires authorization from the Tenth Circuit before filing. *See* 28 U.S.C. § 2255(h). But defendant has not shown that she obtained such authorization. This court therefore lacks jurisdiction to consider the motion. *See United States v. Baker*, 718 F.3d 1204, 1206 (10th Cir. 2013).

Given this posture, the court must either dismiss defendant's claim for lack of jurisdiction or transfer the motion to the Tenth Circuit. *See United States v. Harper*, 545 F.3d 1230, 1232 (10th Cir. 2008); 28 U.S.C. § 1631. When deciding whether to transfer, the court looks to the authorization standards of §2255(h). *United States v. Lara-Jiminez*, 377 F. App'x 820, 822 (10th Cir. 2010) ("A transfer is not in the interest of justice when the claims raised in the successive petition clearly do not meet the requirements set forth in 28 U.S.C. § 2255(h).") (citing *In re Cline*, 531 F.3d 1249, 1252 (10th Cit. 2008)); *In re Cline*, 531 F.3d at 1251. Section 2255(h) identifies two situations in which a second or successive motion is certifiable: (1) certain newly discovered evidence exists; or (2) certain new rules of constitutional law have been announced.

In her motion, defendant claims that she has newly-discovered evidence showing that her Sixth Amendment rights were violated while she was a detainee at CCA. She claims that her phone calls with counsel were listened to and her visits with counsel were video-recorded. Allegations of this type are at issue in another case in the District of Kansas, *United States v. Black*, No. 16-20032-JAR. In connection with that case, Judge Julie Robinson has issued Standing Order No. 18-3, appointing the Federal Public Defender to represent defendants with post-conviction Sixth Amendment claims regarding attorney-client recordings in criminal cases.

In light of defendant's *Black*-related allegations and Judge Robinson's standing order, the court finds that the interests of justice support transferring this motion to the Tenth Circuit for consideration whether to authorize a successive § 2255 motion. In addition, the court directs that a copy of this order be transmitted to the Federal Public Defender so that the office may investigate whether it should represent defendant in pursuit of her § 2255 motion, if it has not already done so.

**IT IS THEREFORE ORDERED** that defendant Connie Edwards's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 461) is transferred to the Tenth Circuit. Any relief requested in this pleading is stayed pending further ruling of the Tenth Circuit.

**IT IS FURTHER ORDERED** that a copy of this Memorandum and Order be transmitted to the Federal Public Defender for any necessary review of defendant's claims in light of Standing Order 18-3.

Dated this 12th day of March 2019, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**