IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br>v.<br>CONNIE EDWARDS (01),<br>　　　　　Defendant. | Case No. 12-20015-01-DDC |

**MEMORANDUM AND ORDER**

In March 2013, the court sentenced Connie Edwards to 300-months imprisonment, followed by five years of supervised release. On August 2, 2023, Ms. Edwards filed a Motion for Compassionate Release (Doc. 523). This matter is before the court on Ms. Edwards's companion motion, a Motion for Leave to File Medical Records Under Seal (Doc. 524).[1] As explained below, the court denies the motion for two reasons.

**I.　　Legal Standard**

Federal courts have long recognized a common-law right of access to judicial records. *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007). The party seeking to overcome the strong presumption of public access must show that countervailing interests heavily outweigh the public interest in access to the judicial record. *United States v. Bacon*, 950 F.3d 1286, 1293 (10th Cir. 2020) (quoting *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012)). To overcome this strong presumption in favor of public access, the party must articulate a real and substantial interest that justifies depriving the public of access to the records that inform the

---

[1]　　The United States did not file a response to Ms. Edwards's Motion for Leave to File Medical Records Under Seal.

court's decision-making process. *Colony Ins.*, 698 F.3d at 1241; *see also King v. Bd. of Cnty. Comm'rs of Johnson Cnty., Kan.*, No. 21-2049-KHV, 2022 WL 486550, at *1 (D. Kan. Feb. 17, 2022) (denying motion to seal medical information because defendant had not explained why disclosure of such information would cause harm or how limited redaction wouldn't suffice to protect any real and substantial privacy interests).

## II.     Analysis

The court denies Ms. Edwards's motion for two reasons. First, Ms. Edwards's reasoning is too vague to articulate a real and substantial interest that outweighs the public's right of access to judicial records. Ms. Edwards asks the court to file her medical records under seal to comply with privacy requirements of the Health Insurance Portability and Accountability Act (HIPAA). *See* Doc. 524. HIPAA is the only reason Ms. Edwards provides to justify her motion. Ms. Edwards doesn't explain why HIPAA mandates that she file her medical records under seal. Ms. Edward's vague reason does not explain with specificity the real and substantial interest that would "heavily outweigh" the public interest in open courts. *Bacon*, 950 F. 3d at 1293. Nor does Ms. Edwards explain why redacting personal identifying information would not protect the relevant privacy interests.

Second, Ms. Edwards's medical records are at the heart of her Motion for Compassionate Release and should be in the public record for future litigants. Compassionate release decisions frequently involve medical conditions, so the public has an interest in the information the court relies on to resolve Ms. Edward's motion. *United States v. Read-Forbes*, No. 12-20099-01-KHV, 2023 WL 4824855, at *1 (D. Kan. July 26, 2023) (denying motion to file medical records under seal for compassionate release because the government did not explain specifically how non-disclosure outweighed the public interest in open courts and because motion for release was

based in part on defendant's medical condition); *see also United States v. Washington*, No. 07-20090-02-KHV, 2020 WL 4673168, at 1 (D. Kan. Aug. 11, 2020) (denying motion to file under seal when plaintiff filed for compassionate release based on both his medical condition and the COVID-19 pandemic). Because Ms. Edwards filed for compassionate release from her 300-months imprisonment based almost entirely on her medical conditions, the public has a strong interest in these medical records. In the interest of consistency and disclosure to future litigants in similar situations, the public should have access to her medical records. Ms. Edwards thus has failed to overcome the presumption of public access to judicial records.

### III. Conclusion

Ms. Edwards has failed to carry her burden to show a real and substantial interest that outweighs the presumption of public access to judicial records. The court denies Ms. Edwards's motion for two reasons. First, Ms. Edwards's assertion that her medical records are protected by HIPPA is too vague to articulate a real and substantial interest that outweighs the public's right of access to judicial records. Second, because Ms. Edward's medical records rest at the heart of her Motion for Compassionate Release, the public has a particular interest in the information the court will rely on to resolve Ms. Edward's motion. The court thus denies Ms. Edwards's motion (Doc. 524).

**IT IS THEREFORE ORDERED BY THE COURT THAT** Ms. Edwards's Motion for Leave to File Medical Records Under Seal (Doc. 524) is denied.

**IT IS SO ORDERED.**

Dated this 27th day of September 2023, at Kansas City, Kansas.

                                                                                          **s/ Daniel D. Crabtree**
                                                                                          **Daniel D. Crabtree**
                                                                                          **United States District Judge**