IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 12-20015-01-DDC |
| v. | |
| CONNIE EDWARDS (01), | |
| Defendant. | |

### MEMORANDUM AND ORDER

This matter is before the court on defendant Connie Edwards's pro se[1] Motion Under Rule 60(b) for Relief from a Judgment or Order (Doc. 532). The government responded. Doc. 533. The court denies Ms. Edwards's motion (Doc. 532).

Ms. Edwards asks the court to reconsider its October 9, 2024 Order (Doc. 531) denying her Motion to Reduce Sentence (Doc. 523). The court denies the motion because it is untimely, and independent of that deficiency, the motion fails on its merits.

Ms. Edwards's motion is untimely. "Although the Federal Rules of Criminal Procedure do not authorize a motion for reconsideration, motions to reconsider in criminal prosecutions are proper." *United States v. Randall*, 666 F.3d 1238, 1241 (10th Cir. 2011) (internal citations and quotation marks omitted).[2] But such motions for reconsideration "cannot be brought at simply

---

[1] Because Ms. Edwards filed the current motion pro se, the court construes her filings liberally and holds them to "a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court doesn't become her advocate. *Id.*

[2] Ms. Edwards labeled her motion as one made under Rule 60(b). The Order Ms. Edwards asks the court to revisit decided a motion under 18 U.S.C. § 3582(c)—commonly called the compassionate release statute. "Proceedings under § 3852(c) are . . . criminal in nature." *United States v. Fish*, No. 21-7044,

any time." *Id.* at 1242. Our Circuit has held a defendant must file a motion to reconsider the court's denial of a motion under § 3582(c)(1) within 14 days—the time allowed to file an appeal. *See United States v. Heath*, 846 F. App'x 725, 728 (10th Cir. 2021) (citing *Randall*, 666 F.3d at 1242); *United States v. Warren*, 22 F.4th 917, 926 (10th Cir. 2022) (explaining that defendant had 14 days to appeal denial of motion to reduce sentence and thus 14 days to file a motion to reconsider); Fed. R. App. P. 4(b)(1)(A) (requiring defendants to file notice of appeal within 14 days of order). This deadline is the same one adopted by this court's local rules. D. Kan. Rule 7.3 (governing motion to reconsider orders generally); *see also United States v. Williams*, No. 09-40024-01-JAR, 2020 WL 7081738, at *2 (D. Kan. Dec. 3, 2020) (applying D. Kan. Rule 7.3 to a motion to reconsider the court's order denying compassionate release).

The court denied Ms. Edwards's Motion to Reduce Sentence on October 9, 2024. Doc. 531. Ms. Edwards dated her present motion on November 22, 2024. Doc. 532 at 5. Between the court's Order and Ms. Edwards's motion, 44 days passed. It's evident that Ms. Edwards's motion is untimely. And, Ms. Edwards's motion doesn't explain this delay. *See generally id.* The court thus denies Ms. Edwards's motion for this reason. *See Heath*, 846 F. App'x at 728 (affirming denial of motion for reconsideration when defendant filed motion 26 days after the court entered order); *Fish*, 2022 WL 54432, at *1 (affirming denial of motion for reconsideration when defendant filed it "more than fourteen days after the district court denied her § 3582(c)(1)(A) motion").

Even if Ms. Edwards had filed a timely motion, her current motion contains no argument proper for a motion to reconsider, so her motion fails also on its merits. A "party may seek

---

2022 WL 54432, at *1 n.1 (10th Cir. 2022) (citing *United States v. McAlister*, 601 F.3d 1086, 1087 (10th Cir. 2010)). "Thus, the Federal Rules of Criminal Procedure, not the Federal Rules of Civil Procedure, apply." *Id.*

reconsideration on the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice." *Williams*, 2020 WL 7081738, at *2 (discussing D. Kan. Rule 7.3); *see also Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). "A motion to reconsider is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Voelkel v. Gen. Motors Corp.*, 846 F. Supp. 1482, 1483 (D. Kan.), *aff'd*, 43 F.3d 1484 (10th Cir. 1994).

Ms. Edwards's arguments fail this standard. Her motion asserts that the court failed to account for the First Step Act. Doc. 532 at 1. To the contrary, the court's Order itself demonstrates the court's awareness of the act. *See* Doc. 531 at 4, 23. Ms. Edwards's motion also emphasizes the "new" Sentencing Guidelines. Doc. 532 at 1, 4. But no pertinent part of the Sentencing Guidelines have changed since the court published its Order. *Compare* U.S. Sent'g Guidelines Manual § 1B1.13 (U.S. Sent'g Comm'n 2023), *with* U.S. Sent'g Guidelines Manual § 1B1.13 (U.S. Sent'g Comm'n 2024). Ms. Edwards thus fails to identify any intervening change in law, new evidence, or clear error or manifest injustice that the court didn't consider already in its Order denying Ms. Edwards's initial motion. *See generally* Doc. 532; Doc. 531. The court thus would deny Ms. Edwards's current motion even if she had filed it timely.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Connie Edwards's Motion Under Rule 60(b) Relief from a Judgment or Order (Doc. 532) is denied.

**Dated this 4th day of December 2024, at Kansas City, Kansas.**

s/ Daniel D. Crabtree
**Daniel D. Crabtree**
**United States District Judge**
